## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| PUBLIC RECORD MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| U.S. DEPARTMENT OF HEALTH | ) |
| AND HUMAN SERVICES, | ) |
| | ) |
| Defendant | ) |
| | ) |

## **COMPLAINT**

1.      Plaintiff Public Record Media, LLC ("Plaintiff") brings this action

against Defendant United States Department of Health and Human Services

("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C.

§ 552 *et. seq.* ("FOIA"). Plaintiff is seeking the production of records improperly

withheld by Defendant in response to requests properly made by Plaintiff relating to

correspondence between the Centers for Medicaid and Medicare Services ("CMS"), a

component of Defendant agency, and Minnesota State Senator John Marty, as well as

CMS determinations regarding Minnesota's Medicaid waiver status. Plaintiff alleges

as follows:

## **JURISDICTION AND VENUE**

2.      The Court has jurisdiction over this action pursuant to 5 U.S.C. §

552(a)(4)(B) and 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552 (a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4.      Plaintiff is a limited liability company organized under the laws of Minnesota, and has its principal place of business at 2375 University Avenue W., Suite 200, Saint Paul, Minnesota 55114. Plaintiff is a public interest media organization that produces articles and documentaries on matters of public interest, requests government documents through state and federal public record laws including FOIA, challenges the withholding of documents when necessary, and publishes the results at www.publicrecordmedia.com free of charge for the benefit of policy makers, the press, and the public.

5.      Defendant is an agency of the United States Government and is headquartered at 200 Independence Avenue, S.W., Washington, D.C. 20201. Defendant is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## STATEMENT OF FACTS

6.       Defendant has possession, custody, and control of records to which Plaintiff seeks access.

7.      Since at least 2010, members of the Minnesota State Legislature have publicly questioned the propriety of the State of Minnesota's oversight of its public health care programs, including those utilizing Medicaid funds. *See, e.g., "Who's minding the store? Billions in Minnesota contracts escape competitive bids,*

*auditing,*" Minnesota State Senator John Marty, December 20, 2010, attached as Exhibit A.

8.      On January 24, 2012, Plaintiff obtained copies of the following correspondence: 1) A letter dated May 18, 2011, from Senator Marty to CMS, requesting that Minnesota's Section 1115 Medicaid Waiver not be extended, or in the alternative, that more rigorous oversight be required (attached as Exhibit B); and 2) A letter dated September 6, 2011, from Senator Marty to CMS, noting a lack of response by CMS to the specific concerns described in his earlier letter, and seeking feedback on such concerns despite the interim extension of Minnesota's Section 1115 Medicaid Waiver (attached as Exhibit C).

9.      In consideration of the importance to the public of the questions raised by Senator Marty's health care program inquiries, Plaintiff sent CMS a FOIA request dated February 22, 2012, seeking access to the following categories of records:

> "Any and all memoranda, correspondence, or communications -- in paper or electronic form – between employees or officials of CMS, and Minnesota State Senator John Marty;
>
> Any and all memoranda, correspondence, or communications – in paper or electronic form – between employees and/or officials of CMS related to Minnesota State Senator John Marty;
>
> Any and all memoranda, correspondence, or communications – in paper or electronic form – between employees and/or officials of CMS, produced between January 1, 2011, and February 1, 2012, related to determinations made by your agency about Minnesota's 1115 Medicaid waiver status."

*See*, Plaintiff FOIA Request, dated February 22, 2012, attached as Exhibit D.

10.      By letter dated March 8, 2012, Defendant acknowledged receipt of

Plaintiff's FOIA request and assigned it control number 030720127082 and pin number W767 (attached as Exhibit E). In it, Defendant advised Plaintiff of "unusual and exceptional circumstances" impacting Defendant's response time.

11.     Pursuant to 5 U.S.C. §552(a)(6), Defendant was required to respond to Plaintiff's FOIA request within twenty working days from the date the request was received, unless "unusual circumstances" would preclude Defendant agency from responding within such period. In such circumstances, the FOIA allows for a ten-day extension if written notice is given to the requester.

12.     Defendant did not respond to Plaintiff's FOIA request within the required twenty-day response and ten-day extension periods. Plaintiff had therefore, at that point, exhausted administrative remedies with respect to its FOIA request under 5 U.S.C. § 552(a)(6)(C).

13.     Rather than seek judicial review at that juncture, Plaintiff sought administrative review of its request under FOIA and under Defendant's "CMS Freedom of Information Act (FOIA) Policies and Instructions." Plaintiff filed an administrative appeal with Defendant agency on April 23, 2012 (attached as Exhibit F).

14.     Defendant acknowledged receipt of Plaintiff's appeal by letter dated May 21, 2012 (attached as Exhibit G). Defendant advised Plaintiff "We will process your appeal as expeditiously as possible, consistent with Department of Health and Human Services rules set forth at 45 CFR Part 5."

15.     Defendant has not otherwise responded to Plaintiff's administrative

appeal.

16.     The documents Plaintiff sought by plaintiff through its FOIA request, administrative appeal, and this action relate to a matter of public import, and are increasingly time-sensitive. On January 8, 2013, the Minnesota State Legislature will convene its 2013 Session, and will likely consider matters related to Minnesota's public health care programs.

17.     The documents sought by Plaintiff are necessary to help facilitate media coverage of the legislative session including with respect to issues surrounding Minnesota's public health care programs, to inform the debate during the session, and to deepen public understanding of how Medicaid dollars are utilized in the provision of public health care programs in Minnesota.

18.     On November 8, 2012, counsel for Plaintiff delivered a letter to Defendant describing the urgency of Plaintiff's outstanding FOIA request and Plaintiff's intent to initiate litigation if necessary to compel compliance with the FOIA (attached as Exhibit H).

19.     As of the date of this writing, Plaintiff has not received a response to its letter, a production of responsive records, or a final determination in response to its FOIA request or administrative appeal.

20.     Because Defendant failed to comply with FOIA and the time limits set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted its administrative remedies.

## CAUSE OF ACTION

21.     Plaintiff realleges paragraphs 1 through 20 as if fully stated herein.

22.     Defendant is unlawfully withholding records requested by Plaintiff in violation of the FOIA. Plaintiff is entitled to the release and disclosure of the requested documents.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

23.     Order Defendant to immediately process and produce all records responsive to Plaintiff's FOIA request;

24.     Enjoin Defendant from continuing to withhold records responsive to Plaintiff's FOIA request;

25.     Provide for expedited scheduling of the mandatory status conference and pre-trial conference in this action pursuant to 28 U.S.C. § 1657;

26.     Award Plaintiff its costs and reasonable legal fees incurred in this action as expressly permitted by FOIA;

27.     Grant Plaintiff such other and further relief as the Court deems just and proper.

Dated:  December 7, 2012

/s/ JT Haines
JT Haines
MN Attorney Number #303379
2375 University Avenue West
Saint Paul, MN 55114
Phone: 612-743-7781
jthaines@publicrecordmedia.com
*Attorney for Plaintiff*